UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | § |
| | § |
| v. | § |
| | § CRIMINAL NO. 4:20-CR-274-SDJ |
| TERRY WAYNE LEE (2) | § |
| | § |

**MEMORANDUM ADOPTING THE REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

Came on for consideration the Report and Recommendation of the United States Magistrate Judge ("Report"), this matter having been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636. On March 16, 2022, the Report, (Dkt. #97), was entered containing proposed findings of fact and the recommendation that Defendant Terry Wayne Lee's Motion to Suppress Evidence, (Dkt. #78), be denied. Having assessed the Report and having considered the record in this case and Lee's objections, the Court determines that the Report should be adopted.

## I. BACKGROUND

The underlying facts of this case are set forth in the Report. As such, the Court recounts only those facts and issues of law pertinent to Lee's objections.

**A. The Fourth Amendment, the Good-Faith Exception, and the Automobile Exception.**

The Fourth Amendment protects the "right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures" and provides that "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons

1

or things to be seized." U.S. CONST. amend. IV. Courts employ a two-step process for deciding whether evidence obtained pursuant to a search warrant should be suppressed due to alleged violations of the Fourth Amendment. *United States v. Cherna*, 184 F.3d 403, 407 (5th Cir. 1999); *United States v. Gates,* No. 4:19-CR-237, 2021 WL 3022037, at *2 (E.D. Tex. July 16, 2021). First, the Court determines whether the good-faith exception to the exclusionary rule announced in *United States v. Leon*, 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984), applies. *Cherna*, 184 F.3d at 407. If so, the Court denies the motion to suppress. If not, only then will the Court proceed to the second step, in which the Court "ensure[s] that the magistrate had a substantial basis for . . . concluding that probable cause existed." *Id.* (quotation omitted).

While evidence obtained in violation of the Fourth Amendment is generally subject to the exclusionary rule, "it bears repeating that the exclusionary rule is 'a judicially created remedy designed to safeguard Fourth Amendment rights generally through its deterrent effect, rather than a personal constitutional right of the party aggrieved.'" *United States v. Gibbs*, 421 F.3d 352, 357 (5th Cir. 2005) (quoting *Leon*, 468 U.S. at 906). "In other words, whether to apply the exclusionary rule is a separate inquiry from whether Fourth Amendment rights were violated." *Id.*

Thus, the Supreme Court has held that under the good-faith exception, the Fourth Amendment does not require the suppression of evidence obtained as a result of objectively reasonable reliance on a warrant, even if the warrant is subsequently invalidated. *Cherna*, 184 F.3d at 407 (citing *Leon*, 468 U.S. at 922). And, as relevant

to the objections now before the Court, the good-faith exception will not apply if the issuing judge was misled by information in an affidavit that the affiant knew was false or would have known was false except for his or her reckless disregard of the truth. *Id.*

On the other hand, the automobile exception, which Lee appears to address in one of his objections, is an exception to the warrant requirement and allows the warrantless search of an automobile if it is readily movable and if officers have probable cause to conduct such search. *Collins v. Virginia*, 138 S.Ct. 1663, 1669–70, 201 L.Ed.2d 9 (2018).

**B. The Warrant and Search**

As set forth more fully in the Report, on December 2, 2019, Officer Bryce Kennedy applied for and obtained a search warrant for a house located at 2825 FM 678, Gainesville, Texas, based upon the observations of officers with the Cooke County Sheriff's Department the day before. The Warrant provided:

> [Y]ou are commanded to enter the suspected place, and to there search for the following personal property described in said Affidavit and to seize and arrest the same and bring before me the following:
>
> Methamphetamine, marijuana, drug paraphernalia, any notes, ledgers, books, computers, cell phones, video recordings, and United States Federal Reserve Notes related to proceeds from illegal drug sales[.]

(Dkt. #85-1 at 1). The affidavit for the search warrant identifies the "suspected place" as follows:

> 1. There is in Gainesville, Cooke County, Texas, a suspected place, premises and curtilage described as follows: A single family dwelling, located at 2825 FM 678 Gainesville, TX 76240. The dwelling is blue in color, with white trim and a grey composite roof. The dwelling has a handicap ramp that goes up to the front door, which faces south.

> There are four white pillars that hold up the awning above the front porch. There are two garage doors on the residence that are both white in color. There is another door on the south east [sic] side of the residence that is also white in color. There are three vehicles in the driveway; 2 grey passenger cars and a maroon passenger car. There is a very large tree in the front yard, due south of the handicap ramp leading to the front door.
>
> 2. There [are] at said suspected residence multiple vehicles described as follows; 2 grey passenger cars and a maroon passenger car. Additionally, there is a recreational vehicle on the property, north of the residence.

(Dkt. #85-1 at 4).

During the search, officers seized methamphetamine, drug paraphernalia, firearm magazines, and live ammunition from the RV. Lee filed a motion to suppress all evidence resulting from the search of his RV, (Dkt. #78), to which the Government responded, (Dkt. #80), and Lee filed a reply, (Dkt. #85). The Magistrate Judge held a hearing on the motion, (Dkt. #87), and then issued the Report recommending that the motion be denied, (Dkt. #97). Lee filed timely objections to the Report, (Dkt. #100), to which the Government responded, (Dkt. #102).[1]

## II. DISCUSSION

A party who files timely written objections to a magistrate judge's report and recommendation is entitled to a de novo review of those findings or recommendations to which the party specifically objects. 28 U.S.C § 636(b)(1)(C). Relevant to consideration of Lee's objections herein, the Magistrate Judge recommended that the Court deny Lee's motion to suppress because "the RV was within the scope of the

---

[1] Lee also requests in his objections and by separate motion a "de novo hearing on the Motion to Suppress." (Dkt. #104 at 1); (Dkt. #100 at 5). Because Lee provides no legal basis for such hearing and the Court is not aware of any, such motion is **DENIED**.

4

Warrant" and even if it was not, "the Motion should be denied under the good-faith exception to the exclusionary rule." (Dkt #97 at 10). The Magistrate Judge also concluded that "[b]ecause the Government did not rely on the automobile exception to search the RV, the Court need not consider whether the exception applies to resolve the issues pending before the Court." (Dkt. #97 at 8). The Court has undertaken a complete de novo review of the portions of the Report to which Lee specifically objected.

**A. Objection to the RV Being Within the Scope of the Warrant**

In his fourth numbered objection, Lee objects to the Magistrate Judge's finding that the RV was within the scope of the warrant. Lee acknowledges that the warrant specifically states that "there is a recreational vehicle on the property, north of the residence." (Dkt. #100 at 2). However, Lee argues that "without any identifiers specifically related to the vehicle, and nothing within the search warrant probable cause affidavit related to any vehicle, this innocuous inclusion is specious at best." (Dkt. #100 at 2–3). He further argues that when considered with the body camera video taken during the search and the cross examination of the testifying officer at the hearing on the suppression motion, "it is clear that the RV that was searched is situated as a neighboring home, not as a vehicle visiting or related to the residence in question." (Dkt. #100 at 3). In response, the Government argues that the RV was included in the scope of the warrant because it was explicitly mentioned in the warrant and was located merely thirty feet from the house.

The Court agrees with Magistrate Judge's finding that the RV was within the scope of the warrant. The warrant authorizes the search of "the suspected place" for

5

"[m]ethamphetamine, marijuana, drug paraphernalia, any notes, ledgers, books, computers, cell phones, video recordings, and United States Federal Reserve Notes related to proceeds from illegal drug sales." (Dkt. #85-1 at 1). The supporting affidavit states that "there is a recreational vehicle on the property, north of the [suspected] residence." (Dkt. #85-1 at 4).

When interpreting the scope of a warrant, "practical accuracy rather than the technical precision governs in determining whether a search warrant adequately describes the premises to be searched." *United States v. Olinde*, No. 04-31061, 2006 WL 1049048, at *4 (5th Cir. Apr. 20, 2006) (per curiam) (cleaned up). Because the warrant gave the address to be searched and because the affidavit explicitly stated that the RV was located on that same property, north of the residence, which is where it was in fact located when the officers arrived on the property, the RV was explicitly within the scope of the warrant, given a practical, common sense reading of the warrant. *See United States v. Napoli*, 530 F.2d 1198, 1200 (5th Cir. 1976) (stating that "in search warrants there is no place for 'technical requirements of elaborate specificity once exacted under common law pleadings'" and holding that a reference to "on the premises known as 3027 Napoleon Avenue" included an automobile parked on those premises and was not limited by the language "being in a large, multiple-story, wooden-frame residential dwelling" (alteration omitted) (quoting *United States v. Ventresca*, 380 U.S. 102, 108, 85 S.Ct. 741, 746, 13 L.Ed.2d 684, 689 (1965))). Thus, the Court adopts the Magistrate Judge's finding that the RV was within the scope of the warrant, and Lee's fourth numbered objection is **OVERRULED**.

### B. Objections Relevant to the Good-Faith Exception

Even if the RV was not within the scope of the warrant, the good-faith exception applies to preclude suppression of evidence recovered in the RV. For the following reasons, Lee's objections relevant to the good-faith exception are meritless and must be overruled.

In an unnumbered objection, Lee challenges the finding in the Report that "[a]t worst, the Court finds the officers made an honest mistake, which the exclusionary rule does not aim to punish." (Dkt. #100 at 1 (quoting Dkt. #97 at 13)). Lee argues that such finding "is incorrect because the weight of the testimony at the hearing demonstrated the unlikelihood of this assertion." (Dkt. #100 at 1). The Court disagrees.

This objected-to finding from the Report relates to the Magistrate Judge's ultimate conclusion that the good-faith exception applies to the search of the RV because "the officers reasonably relied on the Warrant in conducting a search of the RV." (Dkt. #97 at 11). The Magistrate Judge reached this conclusion after reviewing the warrant and the affidavit, and after Officer Kennedy testified that: (1) he believed the RV was part of the same property as the house; (2) the RV did not have its own mailbox, address or driveway; (3) the RV was parked approximately thirty feet from the house and was not fenced off or otherwise separated from the house; (4) there were no signs surrounding the RV to prohibit entry or trespass from the house; (5) the house contained mail addressed to Lee; and (6) Lee, along with his sister, owned both the house and the RV. (Dkt. #97 at 12–13).

Considering the warrant, the affidavit, and this testimony, the Court concludes that the Magistrate Judge's finding is supported by the weight of the evidence. Specifically, the Court concludes that it was reasonable for the officers to search the RV, given the language in the warrant and the testimony of Officer Kennedy. This unnumbered objection is **OVERRULED**.

Relatedly, in Lee's first numbered objection, he appears to object to the Magistrate Judge's finding that Officer Kennedy believed the RV was associated with the house and part of the same property. In support of this objection, Defendant notes that Officer Kennedy "conceded while reviewing the body camera video, that the RV was situated exactly half way (sic) between the house in question and the neighboring house, 30 feet to the house in question, and 30 feet to the next house." (Dkt. #100 at 1–2). He also relies on Officer Kennedy's testimony regarding several cars being parked in front of the RV "as if on a driveway, although it was not paved with concrete like the house driveway was." (Dkt. #100 at 2). However, Officer Kennedy's testimony regarding the location of the RV and the cars parked near the RV does not preclude the conclusion that Officer Kennedy believed the RV was associated with the house and part of the same property—especially given the other evidence discussed above. Therefore, Lee's first numbered objection is **OVERRULED**.

In his second numbered objection, Lee objects to the statement that "Officer Kennedy also testified that mail addressed to Defendant was found in the House," on the ground that only a single item of mail was found within the house, but the "Report's use of 'mail' implies plural items of a regular nature, not a single item that

8

could be present innocuously." (Dkt. #100 at 2 (quoting Dkt. #97 at 3)). The Court concludes that this objection is meritless. The mail, whether singular or plural, is only one piece of evidence that the Report and now the Court consider when concluding that the good-faith exception applies to the search of the RV. Thus, the Court concludes that the Report does not necessarily refer to multiple items of mail, and the fact that only one piece of mail was present does not change the Court's view of the weight of the evidence. Lee's second numbered objection is **OVERRULED**.

In his fifth numbered objection, Lee objects to the finding that the officers reasonably relied on the warrant in searching the RV because "that finding is based on the testimony that Officer Kennedy testified he did not believe the RV was a separate residence and that he had not, in the past[,] attempted to search the RV." (Dkt. #100 at 3–4). Lee argues that Officer Kennedy had met Lee before the search and was familiar with both Lee and the RV. In support of this argument, Lee points to Officer Kennedy's behavior on the body camera footage, in which he addresses Lee by his first name and "familiarly[] refers to [Lee's] dog, whether the dog is in his kennel inside the RV." (Dkt. #100 at 4). Lee also contends that "other details" from the footage "strongly imply that Officer Kennedy has familiarity with not only [Lee], but with the residence." (Dkt. #100 at 4). Lee also refers to a prior incident in which Officer Kennedy may have been present during an arrest of Lee and references a "video from the 2018 attempted search of the RV residence, [that] counsel will have the opportunity to review and see if Officer Kennedy was in fact present at the time of that search." (Dkt. #100 at 4 n.1).

9

This objection is unpersuasive. Familiarity with Lee—especially because, as Lee points out, he lives in a small county and is on parole for murder—does not mean that it was unreasonable for the officers to believe that the warrant allowed them to search the RV, for all of the reasons the Court has previously stated. Even if Officer Kennedy had previously participated in an arrest of Lee or an attempted search of his RV, the good-faith exception would still apply because the officers reasonably relied on the warrant, for all the reasons stated above. Lee's fifth numbered objection is therefore **OVERRULED**.

In his sixth numbered objection, Lee attempts to invoke an exception to the good-faith exception by arguing that "the testifying officer had prior understanding of the RV being a residence and intentionally [misled] the issuing judge with the language used to imply that the RV was merely parked near the house rather than situated as a neighbor." (Dkt. #100 at 4). Lee further argues that there "was no information in the affidavit establishing probable cause to search the RV because the RV itself was in fact merely a neighbor." (Dkt. #100 at 4). However, there is no evidence that Officer Kennedy intentionally misled the magistrate judge issuing the warrant. The affidavit merely states that the RV was "on the property, north of the residence." (Dkt. #85-1 at 4). Lee does not contest that this was true. And the evidence presented at the hearing on the motion to suppress discussed above indicates that Officer Kennedy did believe that the RV and the house were part of the same property. To the extent Lee again attempts to argue that Officer Kennedy knew the RV constituted a neighboring property because Officer Kennedy knew Lee, the Court

is not persuaded by that contention for the reasons stated above. Accordingly, Lee's sixth numbered objection is **OVERRULED**.

**C. Objection Relevant to the Automobile Exception**

In his third numbered objection, Lee argues that contrary to Officer Kennedy's testimony, the RV was completely immobile at the time it was searched and that it was being used as a residence. But whether the RV was mobile or being used as a residence is irrelevant to the Report's conclusion regarding the good-faith exception. The Government does not rely on the automobile exception and the exception is otherwise inapplicable in this case. Lee's third numbered objection is **OVERRULED**.

### III. Conclusion

Based on the foregoing, the Court **ADOPTS** the Report and Recommendation of the United States Magistrate Judge, (Dkt. #97), and **OVERRULES** all of Lee's Objections, (Dkt. #100), to the Report.

It is further **ORDERED** that Lee's Motion to Suppress Evidence, (Dkt. #78), is **DENIED**.

**So ORDERED and SIGNED this 14th day of June, 2022.**

SEAN D. JORDAN
UNITED STATES DISTRICT JUDGE